3. ASSUMPSIT, ACTION OF, § 88*—*when evidence as to making of loan is admissible.* In an action to recover money claimed to have been loaned defendant, where it was claimed in defense that the money was a repayment by plaintiff of a loan to him by defendant, evidence as to the amount of the claimed loan by defendant to plaintiff and other evidence tending to show that such loan had been made, *held* to be properly admitted as corroborating evidence in support of such defense.

---

## Frank L. Trutter, Administrator, Appellee, v. Chicago & Alton Railroad Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the October term, 1916. Reversed with finding of fact. Opinion filed April 16, 1917.

### Statement of the Case.

Action by Frank L. Trutter, administrator of the estate of Joel Wilkerson, deceased, plaintiff, against the Chicago & Alton Railroad Company, defendant, under the Federal Employers' Liability Act to recover on account of the death of decedent from injuries received while he was engaged in defendant's employ as car inspector. From a judgment for plaintiff for $4,900, defendant appeals.

PATTON & PATTON, for appellant; SILAS H. STRAWN, of counsel.

GULLETT & GULLETT, A. M. FITZGERALD and W. A. RUEGG, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

MASTER AND SERVANT, § 177*—*when railroad company not guilty of negligence in shunting cars on switching track.* In an action under the Federal Employers' Liability Act to recover for the death of defendant's employee as car inspector on defendant's railroad, where there was no proof showing how the decedent was injured, or what he was doing when injured or what car ran over him, and no one saw him injured, and he was last seen alive by an alleged vice principal, who, while on his way out of the switching yard, observed that some cars which were being shunted on a switching track had the air hose thereon uncoupled and started to couple them, but upon seeing the decedent approaching assumed that he was about to couple the hose and turned and left the yards without knowing of the accident to the decedent, who was found after the accident on another track, and the proof showed the usual and customary manner of placing cars in making up trains in the yards where decedent was injured was to shunt them in and that the decedent knew of such manner of placing cars, *held* that defendant was guilty of no negligence in connection with the circumstances resulting in the decedent's death.

---

## Mary M. D. Cory et al., Appellants, v. City of Hillsboro, Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of Montgomery county; the Hon. JAMES C. MCBRIDE, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917.

### Statement of the Case.

Bill by Mary M. D. Cory and others, complainants, against the City of Hillsboro, defendant, for injunc-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.